

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. 0-2055
Re: Status of Wylie Common
Consolidated School District
No. 11 in Taylor County.

We are in receipt of your letter of February 24, 1940, in which you request our opinion as to the status of Wylie Common Consolidated School District No. 11 in Taylor County.

You present the following facts in your letter of request:

"In May 1933 petitions from the Iberis Common School District No. 38 and the Wylie Common School District No. 11 were submitted to the County Board in which petitions the County Board was asked to group the two common school districts as a common consolidated school district to be known as the Wylie Common Consolidated School District No. 11. At the same time the petitions were submitted to the County Board, Iberis Common School District No. 38 had a scholastic population of 58 and the Wylie Common School District No. 11 had a scholastic population of 847. These districts were grouped as prayed for in the petitions and the district thus created has operated since as a common consolidated school district.

"It is thought by some that since these districts were grouped as they were by the County Board that they formed a rural high

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. R. Thompson, Page 2

school district but after their grouping the Iberis Common School District No. 38 lost its identity and no school was maintained in that district. In fact, buildings and equipment were all moved to the Wylie School site.

"According to Article 2922-A, Public School Law of Texas, it seems to me that a rural high school district of the types mentioned could not have been legally created.

"The question also arose as to whether we had legally created a school district; therefore, we asked that the Legislature validate such district as created in 1933. So at the Second Call Session of the Forty-fifth Legislature House Bill No. 59, a validating act was passed validating the district as created.

"Since it was the desire of the patrons of these two school districts to have created a common consolidated district and not a rural high school district and since it was the intention of the County Board to create such a district, we feel that the status of the district should be that of a common consolidated district.

"It seems that the County Board in its actions was not controlled by any law giving them the authority to act as they did. They seemed to have taken it for granted that they had such authority when they declared the districts so grouped."

At our request, you have also furnished a copy of the minutes of the County School Board dated April, 1933, at which the above mentioned action was taken. Said minutes read as follows:

"Parties interested in the annexation of Iberis to Wylie were present asking that the annexation be not made. After discussion of

Honorable L. R. Thompson, Page 3

the matter Mr. R. T. Ferguson made a motion
that the matter be deferred to some future
meeting. The motion was lost having no
second. Further discussion followed, some
for and some against the proposition.

"After due consideration, finding that
the petition from the Iberis Common School
District #38 bore the signatures of a majority
of the qualified voters in said district and
also had the signatures of a majority of the
trustees of said district and that said peti-
tion was in all respects legal and having the
necessary notice of acceptance in writing from
the Wylie Consolidated Common School District
#11, signed by a majority of the members of
the Board of Trustees of the Wylie District,
the Board of County School Trustees of Taylor
County, Texas passed the following order:

"The petition of J. 3. Lovett and others
asking that the Iberis Common School District
#38 be annexed to the Wylie Consolidated Dis-
trict #11 be granted, and that Iberis Common
School District #38 is hereby annexed to the
Wylie Consolidated District #11 and that all
territory now lying within the boundaries of
both the Wylie Consolidated District #11 and
the Iberis Common School District #38 be in-
cluded in the Wylie Consolidated District #11
and the same shall be redefined to conform with
this order and shall be known as Wylie Consoli-
dated District #11 and shall be further defined
by metes and bounds as found in Record of School
Districts of Taylor County page _____ Book
One. ****"

By letter opinion dated January 24, 1938, this de-
partment advised the County School Superintendent of Taylor
County that based upon the transcript before this department
at that time, the school district was not a consolidated com-
mon school district and the writer expressed the opinion that
it was a rural high school district. That letter apparently
arose out of the fact that the Wylie School District had pre-
sented bonds to this department for approval and they were
rejected because the proper authorities had not called the
election, such election having been called under the laws

Honorable L. R. Thompson, Page 4

applicable to consolidated districts.

Correspondence in the office of the Department of Education reveals that subsequent to the above action by the Attorney General the First Assistant State Superintendent advised the County Superintendent of Taylor County that in his opinion the district was not a consolidated school district, since the statutes providing the procedure for consolidation had not been followed. After further correspondence and consultation with the Attorney General's Office, the First Assistant State Superintendent reaffirmed his opinion by letter dated April 11, 1938, that a consolidated district was not created and expressed the opinion that the County Board had followed the procedure used in creating rural high school districts. He advised that if a common consolidated school district was desired, such rural high school district as had been formed, if any, should be dissolved and an election called to create a consolidated district under the provisions of Article 2806, Revised Civil Statutes, 1925, and that the bonds be re-voted.

From the records before us, apparently no further action has been taken.

Consolidated districts are formed upon the approval of a majority of the qualified voters in each district effected, at an election called for that purpose. The election returns are canvassed by the commissioners' court and such court declares the districts consolidated. See Article 2806, Revised Civil Statutes, 1925. Clearly the County Board of School Trustees could not disregard the provisions of the Statutes and form a consolidated district in a manner unauthorized by law. We think the opinion of the First Assistant State Superintendent and the former opinion by this department in this respect are correct.

Rural high school districts are formed by "grouping" and "annexation" under Article 2922a, Revised Civil Statutes, 1925. Each of these common school districts had a scholastic population of less than four hundred (400), and if any authority existed at all, could have been "grouped" to form a rural high school district by the County Board without the necessity of a vote of the people, consent of the local trustees or any other action on the part of the people residing in said district. You state that no one intended to create a

rural high school district and did not want such a district. From the record before us we think you are correct in this statement and after a careful search of the Statutes in force at the time the County Board acted, we have come to the conclusion that the Board attempted to follow a Statute which authorized the detachment of territory from one district and annexation to another; in other words, a change of boundary between two contiguous districts.

Acts 1929, 41st Legislature, First Called Session, p. 106, ch. 47, as amended, Acts 1931, 42nd Legislature, p. 235, ch. 140, sec. 1 (appearing as Article 2742-F, Vernon's Texas Civil Statutes prior to its amendment by Acts 1935, 44th Legislature, p. 790, ch. 339, sec. 2) provided in Section 1 that the County Board of Trustees should have authority when petitioned, to detach territory from one school district and annex it to another, provided the Board of Trustees of the district to which the annexation was to be made approved the transfer. If the territory attached should exceed ten per cent (10%) of the entire district the petition was required to be signed by a majority of the Trustees and of the qualified voters of the district from which the territory was taken. Upon receipt of such petition and upon notice of the approval in writing by the Board of Trustees to which the territory was to be added, the County Trustees were authorized to pass an order transferring said territory and redefining the boundaries of the districts effected. It was further provided that no school district should be reduced to an area of less than nine (9) square miles.

Section 1-A, as amended, provided for the detachment of territory from several contiguous districts by the County Board of Trustees and authorized them to create therefrom a new incorporated or common school district.

Our conclusion that the Trustees were attempting to consolidate the districts in question under the above Statute is based upon the fact that the minutes show that a petition signed by a majority of the qualified voters of the Iberis School District was presented, that said petition also bore the signatures of a majority of the Trustees of said district and further that it contained the "necessary" notice of acceptance in writing from the Wylie School District signed by a majority of the members of the Board of Trustees. Evidently the Board of Trustees considered these matters necessary to their action and yet no such requirement is present in "grouping" common school districts with a

scholastic population less than four hundred (400) under Article 2922a which authorizes the creation of rural high school districts. We cannot be certain from the facts before us that this is true but it does tend to support the conclusion that there was not an attempt to create a rural high school district. The fact that from the date of the action by the County Board until the present time the district has been operated as a consolidated district would also support the conclusion that there was no attempt to create a rural high school district.

The validating act to which you refer in your letter appears as House Bill No. 59, Chapter 23, Acts 45th Legislature, Second Called Session, Page 1898, and reads as follows:

"Section 1. That the Wylie Consolidated Common School District No. 11 of Taylor County as enlarged by order of the County Board of School Trustees of Taylor County passed and adopted on the 8th day of April, 1935 annexing Iberis Common School District No. 38 to said Wylie Consolidated Common School District No. 11 in response to a petition signed by a majority of the members of the Board of Trustees of said Iberis Common School District No. 38 and by a majority of the qualified voters in said district and by a majority of the members of the Board of Trustees of Wylie Consolidated Common School District No. 11, be and the same is in all respects validated and confirmed.

"Section 2. That the metes and bounds of Wylie Consolidated Common School District No. 11, Taylor County, Texas are and shall hereafter be fixed and described as follows:" (Here follows the metes and bounds of said district)

Section 3 purports to validate the result of an election for the assumption of the bonded indebtedness "prior to the formation of the present Wylie Consolidated Common School District No. 11" and to authorize the issuance of certain bonds and the levy of taxes.

This Act supports our conclusion that there was no intention or attempt to form a rural high school district.

Since the Legislature may not by special law create

or validate attempted creations of school districts the foregoing Act is clearly unconstitutional and did not affect the legal status of the district. Texas Constitution, Article 7, Section 3, Article 3, Section 53; Fritter v. West (writ refused) 65 S. W. (2d) 414; Brownfield v. Tongate, (T.C.A.) 109 S. W. (2d) 352.

Acts 1936, 44th Legislature, 3rd Called Session, Page 1992 (Art. 2922a-1, Vernon's Texas Civil Statutes) is a general validating act validating the action of County Boards "in creating or attempting to create consolidated rural high school districts". From the record before us, however, we cannot with any degree of certainty determine that the County Board in this instance was attempting to create a "consolidated rural high school district."

It is our opinion that the Iberis Common School District was not validly annexed to the Wylie School District or the two districts consolidated so as to form a de jure Wylie Common Consolidated School including the territory of the Iberis Common School District.

Based upon the record before us we are of the opinion that the Wylie Common Consolidated School District, including the territory of the Iberis Common School District, is not a rural high school district.

The status of this district has been in question since 1933, and has been a source of difference of opinion in the communities for several years, having been called to the attention of the Attorney General's Department and the Department of Education several times, these departments having ruled that the action of the County Board was void insofar as it attempted to create a consolidated district which you state the people desire. No doubt this district will in the future attempt to issue bonds or take other action which will depend upon the validity of the action of the County Board in 1933. We think the advice of the First Assistant State Superintendent was appropriate and timely given, wherein it was recommended that proper action be taken under the general law to obviate the difficulty concerning the status of these districts.

APPROVED APR. 8, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

CCC:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_

Cecil C. Cammack
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN